**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CR-00539-JAR-2 |
| ) | |
| EZEKIEL SIMPSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ezekiel Simpson's pro se motion for compassionate release. (Doc. No. 145). On July 6, 2020, the Federal Public Defender filed a notice of intent not to file anything further on Defendant's behalf. (Doc. No. 147). For the following reasons, Defendant's motion will be denied.

**I.  Background**

On July 5, 2017, the defendant pled guilty to a one-count Superseding Indictment. Count 1 charged Conspiracy to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846. He was sentenced on October 17, 2017 to a term of imprisonment of 70 months, to run consecutively to the supervised release revocation term of 27 months imposed in Docket No. S l-4:04CR00358-l JAR (E.D. Mo.), for an aggregate term of imprisonment of 97 months, followed by four years of supervised release. Defendant is currently confined at FCI Yazoo City Low, in Yazoo City, Mississippi, with a projected release date of November 1, 2023. He is 39 years old.

**II.  First Step Act**

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons could move for compassionate release. Now, a defendant may bring his own motion if he has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b).

Aside from allowing defendants to bring their motions directly, the First Step Act did not change the standards for compassionate release. Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including ... a list of specific examples." 28 U.S.C. § 994(t). The Application Notes to U.S.S.G. § 1B1.13 identify "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant; (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1.[1]

The next requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is

---

[1] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. See United States v. Walker, No. 11-cr-381 (SRN/HB) (D. Minn. June 26, 2020); United States v. Kienstra, No. 4:14-cr-250 CDP (E.D. Mo. May 5, 2020).

appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. Id. (incorporating the 18 U.S.C. § 3142(g) factors).

The last requirement for compassionate release focuses on the § 3553(a) factors. Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C § 994(t). Moreover, "a compassionate release ... is an extraordinary and rare event." White, 378 F. Supp.3d at 787.

### III.   Discussion

As a threshold matter, the record is unclear as to whether Defendant has exhausted his administrative remedies under § 3582(c)(1)(A). Regardless, the Court finds his request must be denied because he has failed to present extraordinary and compelling reasons warranting release.

**Extraordinary and compelling reasons**

In support of his motion, Defendant asserts that COVID-19 presents an immediate danger to his health and that FCI Yazoo City is currently a "hot spot" for COVID cases. The Sentencing Commission's guidance provides that an inmate's medical condition alone can sometimes be

sufficiently extraordinary and compelling under § 3582(c)(1)(A). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release. Although the Court does not intend to minimize the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). See, e.g., United States v. Fry, No. 11-CR-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing United States v. Hamilton, No. 19-CR-54, 2020 WL 1323036, at *2 (E.D. N.Y. Mar. 20, 2020)). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at this prison facility." United States v. Feiling, 3:19CR112 (DJN), 2020 WL 1821457, at *7 (E.D. VA. Apr. 10, 2020) (collecting cases).

Against these standards, the Court finds Defendant does not present extraordinary and compelling reasons warranting release. First, he has not demonstrated that he currently suffers from a serious medical condition that increases his susceptibility to the virus or that "substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he … is not expected to recover."[2] U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). In fact, Defendant has not alleged any specific medical condition that would put him at increased risk of illness in the event he contracted COVID-19.

Further, despite his assertions to the contrary, Defendant has not shown that the safeguards in place at FCI Yazoo City to control the spread of COVID-19 are inadequate or that

---

[2] At the time of sentencing, Defendant was not prescribed any medication or under a doctor's care. He was reported as healthy with no history of health problems. (Presentence Investigation Report (PSR), Doc. No. 130 at ¶ 60).

the facility is specifically unable to adequately treat him should he contract the virus.[3] The Court recognizes that Defendant, like all prisoners, is at risk of contracting COVID-19 while in prison; however, he has not shown any extraordinary and compelling reasons that would justify early release.

### General § 3553 sentencing factors and danger to the community

As explained above, under § 3582(c)(1)(A), the Court must give due "consider[ation to] the factors set forth in in section 3553(a) to the extent they are applicable." In fashioning the appropriate sentence, the Court weighed these factors when it sentenced Defendant in 2017, including his involvement in a conspiracy to distribute and possess heroin and fentanyl in which Defendant was identified as a distributor of heroin and fentanyl to other individuals within the Eastern District of Missouri. The Court also considered Defendant's criminal history, which includes a prior felony conviction for possession of a controlled substance – cocaine base and a prior federal conviction for possession with intent to distribute cocaine base, for which he was on supervised release when he committed the instant offense. These factors – which are not affected by COVID-19 – preclude a finding that Defendant is not a danger to the community.

The Court acknowledges and commends Defendant's post-conviction rehabilitation efforts as set forth in his motion (Doc. Nos. 145 at 9); however, they do not ensure the safety of the community or constitute extraordinary or compelling circumstances which would warrant this Court entertaining a sentence reduction here. "Rehabilitation of the defendant alone" is not sufficient. 28 U.S.C. § 994(t).

Considering the nature and circumstances of the offense and the history and characteristics of Defendant, the Court continues to find that a sentence of 97 months is just and

---

[3] See Fed. Bureau of Prisons, Federal Bureau of Prisons COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (Mar. 13, 2020).

fair under the totality of the circumstances. Even if Defendant was eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. See United States v. Birdine, 962 F.3d 1032, 1034 (8th Cir. 2020).

### Home confinement

Alternatively, Defendant argues that the Court can order him to home confinement (Doc. No. 145 at 7). This argument is unavailing. The BOP has exclusive authority to determine the placement of prisoners. See 18 U.S.C. §§ 3621(b), 3624(c)(2). "Nothing in the statutes amended by the First Step Act permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains with the BOP." United States v. Kluge, No. 17-cr-61 (DWF), 2020 WL 209287 at *3 (D. Minn. Jan 14, 2020); see also United States v. Clausen, No. 16-256 (MJD/LIB), 2020 WL 1442852 (D. Minn. Mar. 24, 2020). The Court therefore lacks authority to order home confinement under these provisions. See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ezekiel Simpson's pro se motion for compassionate release [145] is **DENIED**.

Dated this 22nd day of January, 2021.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**